**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| | § | |
| **VERSUS** | § | **Case No. 1:15cr29-HSO-JCG-1** |
| | § | |
| | § | |
| | § | |
| **STEVE MORRIS, III** | § | |

**ORDER DENYING DEFENDANT'S MOTION TO REVOKE
THE MAGISTRATE JUDGE'S MAY 21, 2015, ORDER OF DETENTION**

BEFORE THE COURT is Defendant Steve Morris, III's Motion [43] to revoke the May 21, 2015, Order [35] of United States Magistrate Judge Robert H. Walker ordering pretrial detention. This expedited Motion has been fully briefed. Having considered the Motion [43], the record, and relevant legal authorities, the Court finds that Defendant's Motion should be denied. The Magistrate Judge's May 21, 2015, Order [35] is expressly adopted as the finding of this Court.

I. BACKGROUND

A.     Defendant's Detention Hearing

Defendant Morris was arraigned before the Magistrate Judge on May 21, 2015, pursuant to a 57 count indictment [3] charging him with distributing controlled substances, including oxycodone, benodiazepine, and muscle relaxants, for other than legitimate medical purposes through the Total Health Solutions

Clinic in Waveland, Mississippi. *See* May 21, 2015, Court Transcript ("Transcript") [43-1]. At his arraignment, Defendant waived the reading of the indictment and entered a plea of not guilty. *Id.* at 4–5.

Immediately thereafter, the Magistrate Judge proceeded with Defendant's Detention Hearing. *Id.* at 6. The Pretrial Services report was admitted into evidence, and the government proffered the testimony of Agent Altieri, the DEA agent assigned to the case, who was then cross-examined by Defendant's counsel. Ex. G-1, Pretrial Services Report [36]; Transcript [43-1], at 10–14. Defendant was called to testify on his own behalf. Transcript [43-1], at 15–25. Defendant further submitted a letter from Dr. Mark Rubin into evidence. Ex. D-1, [37]. In this letter, Dr. Rubin offers to act as a "third-party custodian" and allow Defendant to work for him at a Pain Clinic in Phoenix, Arizona. *Id.* Both parties agreed that a rebuttable presumption in favor of detention existed in this case. Transcript [43-1], at 28.

After hearing the evidence, the Court found that "Dr. Morris has not rebutted the presumption established by finding that no condition will reasonably assure his appearance. . . . [T]he Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure his appearance in court." *Id.* at 29. The Magistrate Judge then entered a Detention Order [35] consistent with those findings.

B.   Defendant's Motion to Revoke

On June 8, 2015, Defendant moved the Court to revoke the Magistrate Judge's Detention Order [35], on the grounds that "none of the facts cited by the

Magistrate demonstrate future dangerous[ness] or risk of flight." Mot. to Revoke [43], at 5. In particular, Defendant objects to the finding that he is a flight risk, arguing that "[w]ithout a passport[, Defendant] cannot travel out of the country." *Id.* Defendant also objects to the relevance of his past psychiatric treatment and initial inability to supply a urine sample. *Id.* Defendant requests to be "released on such conditions as the Court deems appropriate [with] travel restricted to the Southern District of Mississippi, to Arizona for the purpose of earning a living, and to Tampa, Florida where he resides." *Id.*

In its Response [46] to Defendant's Motion to Revoke, the Government raises several other facts favoring detention (each of which was established through testimony and exhibits at the Detention Hearing), to which Defendant objects in his Reply [47]. Specifically, the Government references Defendant's numerous overseas bank accounts and significant ties overseas, including a wife and child who live in Thailand, his non-compliance with consent decrees with the Mississippi Medical Board, and his out-of-state real estate holdings. Def.'s Reply [47], at 1–2.

## II. DISCUSSION

A.   Standard of Review

Pursuant to 18 U.S.C. § 3145, the district court having original jurisdiction over an offense shall promptly review any motion for revocation or amendment of a magistrate judge's detention order. *United States v. Barker*, 876 F.2d 475, 477 (5th Cir. 1989). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make

an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). "[T]he district court has the discretion to conduct its de novo review by examining the pleadings and the evidence which was developed before the magistrate judge and then adopting the magistrate judge's pretrial detention order." *United States v. Hensler*, 18 F.3d 936, 1994 WL 83436, at *2 (5th Cir. 1994); *see also United States v. King* 849 F.2d 485, 490–91 (11th Cir. 1988).

B.    Analysis

Having reviewed de novo the entire record of the proceeding before the Magistrate Judge and the parties' briefing in this matter, including the transcript of the Detention Hearing, the Court finds that Dr. Morris is a flight risk as well as a danger to the community such that pretrial detention is proper under 18 U.S.C. § 3142.  The Court considers the four factors stated in 18 U.S.C. § 3142(g) to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," those factors being: (1) the nature and circumstance of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) danger to the community posed by release.  18 U.S.C. § 3142(g).  "The wording of the [Bail Reform] Act, particularly the first sentence of section 3142(e), makes it evident that the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required." *United States v. Fortna*, 769 F.2d 243, 249 (5th

-4-

Cir. 1985).

A presumption against bond exists in this case pursuant to 18 U.S.C. § 3142(e)(3).  "The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion."  *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).  The government must prove danger to the community by clear and convincing evidence or risk of flight by a preponderance. 18 U.S.C. § 3142(f)(2).  In light of the presumption in favor of detention, the government has carried its burden in this case, and Defendant has failed to produce evidence in rebuttal to establish that he is not a flight risk or a danger to the community.

Looking to the first factor of 18 U.S.C. § 3142(g), the Magistrate Judge correctly noted that "Defendant is subject to being sentenced to a very lengthy incarceration if convicted."  Order [35], at 2.

As to the second factor, the evidence against Dr. Morris is substantial, as established by the proffered testimony of Agent Alteri at Defendant's Detention Hearing.  Transcript [43-1], at 7–8.  Over the course of two years, two undercover officers and two confidential informants made a series of 22 visits to the clinic where Dr. Morris worked and were prescribed controlled substances with only cursory physical examination.  *Id.*  One of the individuals saw Dr. Morris on ten or eleven occasions and another saw him on six occasions.  *Id.*  These individuals all received oxycodone and other combinations of controlled substances.  *Id.*

Third, the presence of Defendant's family in Thailand, his travel plans there, and his history of sending money overseas speak to Defendant's history of

international travel, making him a greater flight risk.  Order [35], at 2.  Defendant

has very few ties to this District and his own request for release names two other

non-adjacent districts within the United States where he plans to travel if released,

creating a further increased risk of flight.  Mot. to Revoke [43], at 5.  As the

Government argues in its Response [46], Defendant's surrendered passport "will

make flight more difficult but by no means impossible."  *Id.* at 4.

Fourth, the Magistrate Judge properly concluded that Defendant's history of

discipline with the Mississippi State Medical Board encompassing psychiatric

treatment and his difficulty providing a urine sample for drug screening in this case

are relevant to the determination of Defendant's dangerousness.  Order [35], at 2.

If Defendant is again unable to comply with drug screening or violates the

conditions imposed by this Court, he would pose an increased danger to the

community.  *See* Gov't Resp. [43], at 3.

In light of this evidence, the Government has carried its burden as to

dangerousness by clear and convincing evidence and as to risk of flight by a

preponderance, such that the Court finds "no condition will reasonably assure the

defendant's appearance and the safety of the community."  Order [35], at 2.  The

Magistrate Judge correctly ordered detention in this case and the Court expressly

adopts the Order of May 21, 2015.

III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant's Motion [43] to revoke the Magistrate Judge's Order [35] is **DENIED**.  The Court expressly adopts the Magistrate Judge's Detention Order of May 21, 2015.

**SO ORDERED** this the 16th day of June, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE